ORIGINAL   JUDGE ROBINSON

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK    08 CIV. 4861
------------------------------------x
JOEL FELDMAN
DEBORAH FELDMAN
    Plaintiffs,

                                 COMPLAINT FOR VIOLATION
                                 of the Fair Debt Collection
vs.                               Practices Act

HUDSON KEYSE, LLC,
DANIEL EHRENREICH, ESQ.
BANK OF AMERICA
JP MORGAN CHASE                  Plaintiffs Demand a Trial by Jury
    Defendants.
------------------------------------x

## INTRODUCTION

1.     This is an action for damages and declaratory relief by an individual for Defendants' joint, several and repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*, (hereinafter "FDCPA"); New York General Business Law §349 (hereinafter "GBL"); negligence; invasion of privacy; and infliction of emotional distress.

## JURISDICTION AND VENUE

2.     Jurisdiction of the Court arises under 28 U.S.C. 1331 in that this dispute involves predominant issues of federal law. Defendants violated the provisions of the FDCPA. Declaratory relief is available pursuant to 28 U.S.C. 2201 and 2202. Supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. 1367. Venue in this District is proper in that Plaintiff resides here, Defendants transact business in this District and the conduct complained of occurred here.

1

## PARTIES

3. Plaintiff, Joel Feldman, is natural person residing at 2 Woodland Place, Monsey, New York, 10952, Rockland County.

4. Plaintiff, Deborah Feldman, is natural person residing at 2 Woodland Place, Monsey, New York, 10952, Rockland County.

5. Defendant, HUDSON KEYSE, LLC, is a collections firm doing business at 382 Blackbrook Rd, Painsville, OH 44077-121, and is a debt collector as defined by the FDCPA.

6. Defendant, DANIEL EHRENREICH, ESQ, is an attorney doing business at 111 John Street, Suite 850, New York, New York, 10038, and is a debt collector as defined by the FDCPA.

7. Defendant Bank of America is a banking entity, with its corporate office located at 100 North Tryon Street, Charlotte, NC 28202.

8. Defendant JP Morgan Chase is a banking entity with its corporate office located at 270 Park Ave., New York, NY 10017.

## FACTUAL ALLEGATIONS

9. On November 26, 2007, Plaintiff Joel Feldman filed a chapter 7 Bankruptcy petition in the Bankruptcy Court for the Southern District of New York, under case number 07-23174.

10. Plaintiff, Joel Feldman listed all of his debt, including Bank of America, N.A. as an unsecured creditor on Schedule F of his bankruptcy schedules. Notice of bankruptcy was sent to all creditors, including Bank of America.

11. Plaintiff received a bankruptcy discharge on April 24, 2008.

12. On Friday, May 16, 2008, Plaintiffs' joint Chase bank account was frozen.

13. Plaintiff Deborah Feldman called Chase, who told her that Hudson Keyse, LLC requested a hold on the account to collect a $3000.00 Judgment against Plaintiff, Joel Feldman.

14. Plaintiff, did not owe Bank of America an amount of $3,000.00. He had three credit accounts with Bank of America, which were all discharged.

15. Plaintiff was unaware of the action against him, which was filed during his bankruptcy, in the wrong venue of Kings County, where he never resided. Plaintiff was never served with any legal documents regarding the action by Hudson Keyse.

16. Plaintiff called Hudson Keyes on May 16, 2008 and was told that they have a Judgment against him, filed in Kings County.

17. Plaintiff's attorney, Law Office of Shmuel Klein, called Hudson Keyse, LLC and requested that they immediately release the Chase account as the debt was discharged in bankruptcy.

18. Shandra Burton from Hudson Keyse told Plaintiff's attorney that she would contact Chase that same day and they would release the debt immediately.

19. On Monday, May 19, 2008, Plaintiffs called Chase bank again as the hold on their account was still not released. They said that the release was not showing up in their records and could take up to two weeks to process.

20. Plaintiff Deborah again called Hudson Keyse on May 19, 2008 and was told that they sent Chase the request to release the account, the release was effective as of Friday, May 16, 2008.

21. Plaintiffs' attorney, Law Office of Shmuel Klein again called Chase on May 19, 2008. Tanisha at the legal department of Chase stated that she does not see anything in the

3

file about the release request, and that the account would probably be released when the information is processed, depending on when it was received and how many other requests were received by the bank prior to this one. She stated that it may take a couple of days to release the hold on Plaintiff's account.

22. Plaintiffs incurred bounced check charges because of the hold on his account.

23. Plaintiffs suffered emotional distress as a result of Defendant's actions.

## FIRST CLAIM: VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

24. The allegations of paragraphs 1-23 in this pleading are incorporated as if fully rewritten herein.

25. Defendants violated the Fair Debt Collection Practices Act 15 U.S.C. 1692e(2) by falsely misrepresenting that Plaintiff's debt was collectable.

26. Defendants violated 15 U.S.C. 1692e(10) by misrepresenting to the Kings County Civil Court that Plaintiff Joel was served, when no such service was made.

27. Defendants violated the Fair Debt Collection Practices Act 15 U.S.C. 1692f(1) by collecting a debt not permitted by law, which was discharged in bankruptcy.

28. Defendants violated the Fair Debt Collection Practices Act 15 U.S.C. 1692f(5) by causing Plaintiffs to incur bank legal fee charges and bounced check fees as a direct result of its actions.

29. Defendants violated the Fair Debt Collection Practices Act 15 U.S.C. 1692f(6) by freezing the Plaintiffs funds and thereby disabling the use of the account by Plaintiff, when it had no authority to do so.

30. Defendants violated 15 U.S.C. 1692g(b) by attempting to collect a debt from plaintiff when they knew, or should have known, that they had no legal authority to do so.

31. Defendants violated 15 U.S.C. 1692i(a)(2) by obtaining a judgment against Plaintiff in a Court out of the Judicial District where the Plaintiff resides.

32. As a direct and proximate result thereof, Plaintiffs have been injured and are entitled to actual, statutory, and punitive damages therefore on each and every violation.

## SECOND CLAIM: DECEPTIVE TRADE PRACTICES, VIOLATION OF THE NY GBL § 349

33. The allegations in paragraphs 1-32 in this pleading are incorporated as if fully rewritten herein.

34. As alleged therein, Defendants have engaged in unfair and deceptive trade and business practices and are liable unto Plaintiffs under state laws for those violations.

35. Defendants sued Plaintiff, Joel Feldman in a wrong venue, never served him, and obtained a default Judgment against him; Defendants froze the money in Plaintiffs' bank account despite his bankruptcy discharge.

36. Alternatively, Defendants have, with willful intent to injure or maliciously, engaged in unfair and deceptive trade and business practices and are liable unto Plaintiffs under various state laws for those violations.

## THIRD CLAIM: NEGLIGENCE

37. The allegations of paragraphs 1-36 in this pleading are incorporated as if fully rewritten herein.

38. Defendants negligently obtained a Judgment against Plaintiff Joel Feldman when they had no legal rights to do so since he was in bankruptcy.

39. Defendants negligently brought an action against Plaintiff in the wrong venue of Kings County, when Plaintiffs live in Rockland County and have never resided in Kings County.

40. Defendants negligently failed to serve Plaintiff in the action against him and, upon information and belief, obtained a default judgment on the false pretense of service.

41. Defendant Chase negligently failed to release Plaintiffs' bank account immediately, causing charges to be accrued for bounced checks, and causing severe emotional distress to Plaintiffs.

42. As a direct and proximate result thereof, Plaintiffs were injured, continue to suffer such injury and may continue to suffer such injury in the future. Defendants are liable to Plaintiffs for negligence.

## FOURTH CLAIM: INFLICTION OF EMOTIONAL DISTRESS

43 The allegations of paragraphs 1-42 in this pleading are incorporated as if fully rewritten herein.

44. This claim is for tortuous infliction of emotional distress caused to Plaintiffs by Defendants.

45. Defendants' acts as described above were done intentionally with the purpose of coercing Plaintiffs to pay the alleged debt.

46. During the course of their actions, and/or subsequent thereto, Defendants have recklessly and/or intentionally caused severe emotional distress to Plaintiffs without protection of law and at a time when it knew or should have known that its actions would do so.

47. As a direct and proximate result thereof, Plaintiffs were injured, continue to suffer such injury and may continue to suffer such injury in the future.

## ADDITIONAL CLAIMS

48. The allegations paragraphs 1-47 in this pleading are incorporated as if fully rewritten herein.

49. The above and foregoing actions, inactions and fault of Defendants, as to each and every count, have caused damages to plaintiffs.

50. Defendants are liable unto Plaintiffs for all actual, statutory, exemplary and punitive damages awarded in this case, as well as other demands and claims asserted herein including, but not limited to, out-of-pocket expenses, credit denials, bank fees, pain and suffering, embarrassment, inconvenience, lost economic opportunity, loss of incidental time, frustration, emotional distress, mental anguish, anxiety, depression, stress, fear of personal and financial safety and security, attorney fees, and court costs, and other assessments proper by law and any and all other applicable federal and state laws, together with legal interest thereon from date of judicial demand until paid.

**WHEREFORE**, Plaintiffs respectfully pray that judgment be entered against Defendants for the following:

A. Declaratory judgment that Defendants' conduct violated the FDCPA, and declaratory and injunctive relief for Defendants' violations;

B. Declaratory judgment that Defendants' conduct violated the GBL, and declaratory and injunctive relief for Defendants' violations;

C. Actual damages as proven at trial, on each and every claim;

    D.  Punitive damages;

    E.  Injunctive relief;

    F.  Statutory damages, where applicable;

    G.  Costs and reasonable attorney fees; and

    H.  For such other and further relief as may be just and proper.

### PLAINTIFF DEMANDS A TRIAL BY JURY

Plaintiffs hereby demands a trial by jury on all issues and all claims.

DATED: May 21, 2008  
Spring Valley, NY

/s/ _____  
Shmuel Klein (SK 7212) Fed Court Only  
Law Office of Shmuel Klein, PC  
Attorneys for Plaintiff  
268 ROUTE 59  
Spring Valley, NY  10977  
(845) 425-2510

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------x
JOEL FELDMAN
DEBORAH FELDMAN
        Plaintiffs,
vs.                                         Rule 7.1 Statement

HUDSON KEYSE,
DANIEL EHRENREICH, ESQ.
BANK OF AMERICA
CHASE
and JOHN DOE 1-10, XYZ, INC 1-10,
ten names being fictitious and
unknown to the plaintiffs, the person
or parties intended being the persons
or parties, if any,
        Defendants.
-----------------------------------------x

Pursuant to Federal Rule of Civil Procedure 7.1 [formerly Local
General Rule 1.9] and to enable District Judges and Magistrate Judges of the Court to
evaluate possible disqualification or recusal, the undersigned counsel for JOEL
FELDMAN and DEBORAH FELDMAN (a private non-governmental party) certifies
that the following are corporate parents, affiliates and/or subsidiaries of said party, which
are publicly held:
N/A

Dated: Spring Valley, New York
May 21, 2008

                                                        /s/
                                        Shmuel Klein (SK 7212) Fed Court Only
                                        Law Office of Shmuel Klein, PC
                                        Attorneys for Plaintiff
                                        268 ROUTE 59
                                        Spring Valley, NY   10977
                                        (845) 425-2510